```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA


UNITED STATES OF AMERICA            CRIMINAL ACTION

VERSUS                              NO: 10-285

ARTHUR HARRIS AND ANDRE             SECTION: J (1)
HARRIS
```

**ORDER AND REASONS**

Before the Court are Defendant Arthur Harris's Motion in Limine to Exclude the Introduction at Trial of Any Evidence or Testimony Relating to the September 2008 Incident Referenced in New Orleans Police Department Report Item No. I-17326-08 (Rec. Doc. 46) and the Government's response to same (Rec. Doc. 52).

**BACKGROUND**

This case is set for trial on Monday, December 12, 2011. Defendant Arthur Harris ("Defendant") and his co-defendant, Andre Harris, are charged with several drug and firearm counts. The superseding indictment (Rec. Doc. 10), Counts 1 and 2, charge that beginning at a time unknown but before September 2008 and continuing through February 24, 2011, the defendants were engaged in a drug and gun conspiracy. Counts 3 through 6 are drug and gun charges pertaining to two specific dates, June 1, 2010 and February 8, 2011. Defendant asserts that on November 22, 2011

1

(the Tuesday of Thanksgiving week), the Government emailed to Defendant a New Orleans Police Department ("NOPD") incident report bearing Item No. I-17326-08.  The police report, Defendant asserts, concerns an incident that happened in September 2008, when Defendant was only 17 years old, regarding a completely new location not directly connected with Defendant or his family.  Defendant asserts that the report alleges the presence of four or five previously undisclosed firearms along with several new unindicted individuals.

Specifically, the police report details the NOPD investigation of a September 14, 2008 shooting death and the seizure of at least four weapons and ammunition in connection with that shooting.  The report states how Defendant and two other men were arrested.  It describes how, upon responding to a call about a shooting, police officers were directed to a residence where they found ammunition, firearms, and drug paraphernalia.[1]  Defendant was present and was arrested.  When he was booked into the prison, Defendant phoned defendant Andre Harris; both brothers discussed the seizure of the firearms.  The Government has expressed its intention to introduce into evidence these conversations to prove the defendants' knowledge and

---

[1] The Government states that many of the items were later discovered after the officers had obtained a search warrant.

possession of these firearms.  Rec. Doc. 52, at 3.  The Government states that the phone calls were previously played for Defendant and his attorney, though the Government did not provide defense counsel with the police report until November 22, 2011.  On November 29, 2011, while defense counsel met with the Government to view the evidence from the September 2008 incident, the Government provided a supplemental NOPD report that contains a transcribed statement made by Defendant to NOPD detectives.

**THE PARTIES' ARGUMENTS**

Defendant moves that the Court prohibit the Government from introducing any testimony or evidence regarding the NOPD's investigation referenced in NOPD Item No. I-17326-08.  He further requests in the alternative that the Court grant a continuance of the trial under Federal Rule of Criminal Procedure 16(d)(2)(B) to allow defense counsel reasonable time to investigate the matter.  His supporting arguments are twofold.  First, Defendant argues that under Rule 16(d)(2)(C), the Government's late notice and delivery of the information to defense counsel should result in exclusion because defense counsel lacks sufficient time to prepare an adequate defense.  Defendant argues that the information should have been disclosed earlier.

Second, Defendant argues that the information regarding the

3

September 2008 incident is more prejudicial than probative, in violation of Federal Rule of Evidence 403. The four or more guns seized on September 15, 2008 are not listed in the superseding indictment. The only firearms listed in said indictment are two guns in Count 4 (regarding the June 1, 2010 incident) and four guns in Count 6 (regarding the February 8, 2011 incident). Thus, Defendant argues, permitting any evidence or testimony regarding the four other guns would confuse and mislead the jury. Accordingly, Defendant requests that the Court prohibit the Government from eliciting any testimony or introducing any evidence regarding the NOPD investigation detailed in NOPD Item No. I-17326-08.

The Government, in opposition, argues that the instant motion should be denied because defense counsel was aware of the pertinent information months ago and because the criminal conduct alleged in the police report is part of the overall drug and firearm conspiracies charged in Counts 1 and 2. It avers that the incident that is the subject of the police report was discussed with defense counsel and Defendant during previous meetings several months ago. On March 9, 2011, the Government turned over to defense counsel the recorded phone calls from the jail made immediately following Defendant's arrest on September 15, 2008. See Rec. Doc. 46-2, at 3 (Government letter to defense

4

counsel noting that the Government was providing compact discs of prison phone calls made between September 15, 2008 and November 15, 2008).

The Government additionally argues that the evidence of the September 2008 investigation is relevant to Defendant's knowledge and intent to commit the charged conspiracies, is intrinsic to the charges, and is not overly prejudicial. It argues that the items recovered during the incident will be introduced to corroborate the 2008 phone calls and to prove what the defendants were talking about on the phone—thus proving the defendants' knowledge and intent to commit the crimes at issue. It further argues that the defendants will not be unfairly prejudiced because the Government will not introduce evidence of the shooting.[2] As to the supplemental report recently provided to defense counsel, the Government avers that it has no intention of offering as part of its case-in-chief Defendant's statement in the supplemental report.[3]

---

[2] The Government states that it will avoid testimony about the shooting by eliciting testimony from the officers that they responded to a call for assistance, which led them to the house where they discovered the drug paraphernalia, firearms, and ammunition. Rec. Doc. 52, at 5.

[3] The statement was taken by the police in an attempt to determine who committed the shooting. The Government asserts that because someone else was identified as the shooter, that individual was the main suspect, and Defendant did not at all confess criminal activity in his statement.

**DISCUSSION**

The evidence of the firearms discovered on September 15, 2008 is relevant. While true that said firearms are not mentioned in any of the counts in the superseding indictment, the firearms are relevant as to whether the defendants had the necessary *mens rea* that is an element of the conspiracy counts. Counts 1 and 2 allege that the conspiracy began prior to September 2008 and did not end until 2011, and thus the September 15, 2008 incident falls squarely into the time period during which the conspiracy allegedly occurred.

The Government has stated that it intends to offer into evidence the recovery of the guns and drug paraphernalia as they are related to the defendants' phone call on September 15, 2008. Rec. Doc. 46-2, at 5. The Government argues that such evidence is relevant to the defendants' knowledge of the possession of these weapons as well as those found on them later in the conspiracy. Id. The Government states that it does not intend to offer evidence concerning the shooting that is described in the police report. Id. The Government correctly argues that the drug paraphernalia and guns from the September 15, 2008 incident are relevant to the conspiracy counts. However, Defendant argues that there is a danger of unfair prejudice that the jury would use these other guns (which are not listed in the superseding

indictment) not only as proof of a conspiracy, but also as proof of the substantive gun counts (Counts 4 and 6).  Such would be improper because it would constitute the jury's use of guns as to which there are *no* charges to prove that Defendant subsequently knowingly possessed firearms that *are* listed in the superseding indictment.  This is the type of confusion of the issues and misleading of the jury that Rule 403 is designed to prevent.  However, the Court finds that these considerations do not substantially outweigh the evidence's probative value regarding the conspiracy counts.[4]  Thus, a limiting instruction will appropriately mitigate any potentially unfair prejudice.

As to the timeliness issue, Federal Rule of Criminal Procedure 16(d)(1) grants the court the power to regulate discovery, and Rule 16(d)(2)(C) permits the court to prohibit a party from introducing undisclosed evidence if the party fails to comply with Rule 16.  Even to the extent defense counsel previously was made aware of some of the details of the September 16, 2008 incident, it is a bit troubling that the Government provides no explanation for its choice to disclose the

---

[4] See FED. R. EVID. 403 ("The court may exclude relevant evidence if its probative value is *substantially outweighed* by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.") (emphasis added).

information so close to the trial date.[5]  Still, defense counsel was aware of the incident based on the previously provided telephone call.  The Government asserts that it played the telephone call for Defendant and his attorney several months ago, and that agents told Defendant that several firearms were recovered from under the house during the September 15, 2008 incident.  A potential problem is that the phone call did not contain details of the shooting referenced in the police report.  Defendant asserts that in the phone call, the only discussion between the defendants was Andre Harris's berating of Arthur Harris for being around guns and drugs and getting arrested.  However, the information about the shooting presents no real problem because the Government has asserted it will not offer evidence of the shooting (Rec. Doc. 46-2, at 5).  Accordingly,

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion in Limine to Exclude the Introduction at Trial of Any Evidence or Testimony Relating to the September 2008 Incident Referenced in New Orleans Police Department Report Item No. I-

---

[5] The December 12, 2011 trial date is the *sixth* trial date in this case. See Rec. Docs. 6, 27, 28, 31, 36, 39.  After receiving the police report during Thanksgiving week, Defendant moved to continue and the Court denied the motion, although it was unopposed by the Government.  Rec. Doc. 44, at 3; Rec. Doc. 45.  Perhaps, based on the Court's previous granting of continuances in proper instances, the Government expected that defense counsel could simply move for a continuance if the defense felt it needed more time to investigate the circumstances alleged in the newly-provided police report.

8

17326-08 (Rec. Doc. 46) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties may submit a proposed limiting instruction to be given to the jury regarding the limited relevance of the firearms from the September 2008 incident to the conspiracy counts.

New Orleans, Louisiana this the 8th day of December, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE