UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS                                       No. 10-285

ARTHUR HARRIS                                SECTION: "J"(1)

## ORDER AND REASONS

Before the Court is a *Motion for Sentence Reduction Under 18 U.S.C. 3582(c)(1)(A) (Compassionate Release)* **(Rec. Doc. 220)** filed by Defendant Arthur Harris and an opposition thereto (Rec. Doc. 225) filed by the United States of America. Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED.**

## FACTS AND PROCEDURAL BACKGROUND

In December 2011, a jury convicted Arthur Harris (hereinafter, "Arthur"), along with his brother Andre Harris ("Andre"), of (1) conspiracy to possess with intent to distribute crack cocaine; (2) conspiracy to possess firearms in furtherance of a drug-trafficking crime; (3) possession with intent to distribute crack cocaine; and (4) possession of firearms in furtherance of those drug-trafficking crimes. (Rec. Doc. 61-1). Arthur was also convicted of (1) possession of five grams or more of crack cocaine with intent to distribute and (2) possession of a firearm in furtherance of the drug-trafficking crime. *Id.* On October 5, 2012, Arthur was sentenced to imprisonment for a period of 481 months. (Rec. Doc. 115).

1

Arthur appealed, and the Fifth Circuit affirmed the conviction and sentence on January 10, 2014. (Rec. Doc. 126). The Fifth Circuit held that his sentence was not substantively unreasonable because it was within the guidelines range and because this Court considered the § 3553(a) factors. *Id.* at 19. Arthur's guidelines range was 121-151 months, and he was subject to a thirty-year minimum sentence: not less than five years for possession of a firearm in furtherance of a drug-trafficking crime and not less than twenty-five years for a second conviction on that charge. *Id.* at 6.

On June 22, 2015, the Court reduced Arthur's sentence pursuant to 18 U.S.C. 3582 based on the retroactivity of Amendment 782. (Rec. Doc. 138). This order reduced his sentence for Counts 1, 2, 3, and 5 from 121 months to 97 months. *Id.* The consecutive 60 month sentence for Count 4 and consecutive 300 month sentence for Count 6 remained unchanged. *Id.*

On October 5, 2015, Arthur filed a post-conviction motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, and the Court denied the motion. (Rec. Doc. 152). The Court concluded that he failed to establish that his Fourth Amendment claim was meritorious and failed to overcome the deference given to an attorney's trial strategy. (Rec. Doc. 163). The Court also denied the certificate of appealability. (Rec. Doc. 166).

On June 27, 2016, Arthur filed a second § 2255 motion, but the Fifth Circuit denied his authorization to file a successive § 2255 motion. (Rec. Docs. 183, 195). In the instant motion, Arthur requests a sentence reduction, arguing that the length of the sentence imposed, coupled with a change in law, constitute an extraordinary and

compelling circumstance justifying compassionate release. (Rec. Doc. 220). He also argues that he has serious health issues justifying a reduction in sentence. *Id.* The Government opposes the motion on both grounds, and also argues that the § 3553(a) factors weigh against early release. (Rec. Doc. 225).

## **LEGAL STANDARD**

"A court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal"; alternatively, the requirement is met "30 days from the receipt of such a request by the warden." *Id.*

Once a defendant has exhausted their administrative remedies, the Court may then reduce the defendant's term of imprisonment if it finds that extraordinary and compelling reasons warrant a sentence reduction. *See* 18 U.S.C. § 3582(c)(1)(A). This reduction must be consistent with applicable policy statements of the Sentencing Commission. *Id.* Section 3582(c)(1)(A)(i)'s use of "extraordinary and compelling" captures the truly exceptional cases that fall within no other statutory category and sets "an exceptionally high standard for relief." *United States v. McCoy*, 981 F.3d 271,

287-88 (4th Cir. 2020). The defendant has the burden to demonstrate the extraordinary and compelling reasons supporting her release. *See United States v. Washington*, No. CR 16-19, 2020 WL 4000862, at *3 (E.D. La. July 15, 2020). The U.S. Sentencing Guidelines provide that a reduction should be granted only if "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2) (p.s.). If the Court grants a sentence reduction, it may impose a term of supervised release with conditions, including home confinement, "that does not exceed the unserved portion of the original term of imprisonment." § 3582(c)(1)(A).

## DISCUSSION

First, the parties dispute whether Arthur has met the exhaustion requirement to move for a reduction in sentence. Arthur contends that, on November 6, 2023, he requested compassionate relief from the warden of the correctional facility, and the request was denied. (Rec. Doc. 220-1, at 5). The Government argues that he did not submit a proper request to the warden and has thus not exhausted his administrative remedies. (Rec. Doc. 225, at 5). Instead, a BOP attorney reported that Arthur did not submit a Request for Compassionate Release, but rather a Request for Administrative Remedy on October 18, 2023. *Id.* The BOP rejected that request because Arthur did not attempt informal resolution prior to submission of the request or provide evidence of his attempt at resolution. *Id.* Arthur attached his request and rejection, which reflect the BOP's recitation of events. (Rec. Doc. 220-2, at 2-3). There is no evidence that Arthur appealed this rejection or continued to pursue an alternative administrative remedy with the BOP. The Government does not contend

that this failure constitutes a failure to exhaust. Accordingly, the Court finds that Arthur has met the exhaustion requirement to make the instant motion and therefore moves to the merits of his motion.

Next, Arthur argues that his heath concerns and the fact that he was sentenced to an "unusually long sentence" are the "extraordinary and compelling" reasons to reduce his sentence. Arthur relies on a 2023 revision to the policy statement to the U.S. Sentencing Guidelines § 1B1.13, which includes an "unusually long sentence" as an extraordinary and compelling reason warranting a reduction. *See also United States v. Bolton*, No. 09-166, 2024 WL 1966448, at *3 (E.D. La. May 3, 2024) (Lemelle, J.) (recounting history of amendment to Sentencing Guidelines policy statement). The Government argues that the Sentencing Commission did not have authority to amend or override the statute, so unusually long sentences do not qualify as not extraordinary and compelling reasons for sentence reduction. (Rec. Doc. 225, at 11-24).

A district court may reduce a defendant's term of imprisonment if the court finds "extraordinary and compelling reasons warrant such a reduction," "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "after considering the factors set forth in section 3553(a)" 18 U.S.C. § 3582(c)(1)(A)(i). The Sentencing Commission amended the applicable policy on November 1, 2023 to state that: "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof": (1) medical circumstances of the defendant; (2) age of the defendant; (3) family circumstances of

the defendant; (4) the defendant having been a victim of abuse while in custody; (5) "other reasons"; (6) a change in law that would "produce a gross disparity" between the defendant's sentence and the sentence likely to be imposed today if the defendant has served at least 10 years of an "unusually long sentence." U.S.S.G. § 1B1.13(b). The policy statement also requires a court to determine that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" before reducing his term of imprisonment. U.S.S.G. § 1B1.13(a)(2). The § 3142(g) factors are as follows: (1) "the nature and circumstances of the offense charged[;]" (2) "the weight of the evidence against the person[;]" (3) "the history and characteristics of the person[;]" (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release[.]" 18 U.S.C. § 3142(g).

First, Arthur argues that he has serious health issues that justify an extraordinary and compelling reason for a reduction in sentence, including "Chronically and Hypertension, Prediabedic, Hypertrophic, Cardiomyopathy, Radiculapathy, Neuropathy and Muscular-Skeletal Degenerative Disorder" [sic] and is receiving inadequate care. (Rec. Doc. 220-1, at 2). However, the records Arthur provides state that he was evaluated on April 28, 2020, and a consultation with a specialist was not indicated for him. (Rec. Doc. 220-2, at 6). The Government also attached his medical records from 2022 to the present. (Rec. Doc. 225-1). These records indicate he is getting adequate care for his health concerns, and the Court finds that Arthur's medical conditions do not qualify as extraordinary and compelling

reasons justifying release.

Additionally, the Court need not reach the Government's policy arguments regarding the "unusually long sentence" issue here, because the Court finds that the sentencing factors in § 3553(a) weigh against a sentence reduction. *See United States v. Allen*, No. 12-138, 2024 WL 640017, at *3 (E.D. La. Feb. 15, 2024) (Vance, J.); *United States v. Brown*, No. 15-28, 2020 WL 4024073, at *2 (S.D. Miss. July 16, 2020), aff'd 829 F. App'x 695 (5th Cir. 2020) (per curiam) (declining to consider whether defendant had shown extraordinary and compelling reasons because the Court could not conclude that defendant was not a danger to the community and the sentencing factors weighed against compassionate release); *United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020) (affirming denial of compassionate release when the district court found "extraordinary and compelling reasons" but found that the sentencing factors weighed against release); 18 U.S.C. § 3582(c)(1)(A) (stating that a court may reduce a defendant's term of imprisonment if he has shown "extraordinary and compelling reasons" only "after considering the sentencing factors in section 3553(a)").

In evaluating whether compassionate release is appropriate, the Court must consider several factors, including:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed to
>     (a) reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (b) afford adequate deterrence to criminal conduct;
>     (c) protect the public from further crimes of the defendant; and

(d) provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §§ 3553(a), 3582(c)(1)(A).

Here, the nature and circumstances of the offense, the need for the sentence imposed to provide just punishment, the need for the sentence to afford adequate deterrence, and the need for the sentence to protect the public from further crimes of the defendant weigh against a sentence reduction. First, the offense conduct was that Arthur and his brother were street level drug dealers who worked together to distribute crack cocaine and possessed firearms in furtherance of that distribution. (PSR, Rec. Doc. 89, at 6). They used firearms, intimidation, and violence to control their turf in the Carrollton area of New Orleans, and they also used their minor brother to facilitate distribution. *Id.* at 7. They were involved with a feud with a rival group of drug dealers, and numerous acts of violence and retaliation, including murder and attempted murder, took place on both sides of the feud. *Id.* at 7. Arthur and his brother were managers/supervisors of the group, and they were both responsible for at least 28 to 112 grams of cocaine base. *Id.* at 11.

The Court sentenced Arthur to a sentence within the guidelines and observed that, although the sentence was very long, "Arthur is a person that should not be returned to the streets any time soon because he is. . . a menace to himself and to society." (Rec. Doc. 126, at 19). His sentence reflected the seriousness of the offense: Arthur's armed participation in a violent drug conspiracy involving Arthur's regular and deliberate decisions to sell crack cocaine, intimidate others using several

firearms, and use his younger brother to accumulate additional power and profit in his enterprise. This sentence is also justified to deter future similar conduct and to protect the public from future crimes.

Finally, Arthur alleges that his sincere remorse for his actions are demonstrated by his "exemplary institutional record in the Bureau of Prisons," because he completed educational programs and became an ordained minister. (Rec. Doc. 220-1, at 9). Arthur also cites to letters from family members demonstrating the positive changes and rehabilitation he has undergone. *Id.* at 10 (citing letters from his brother, friend, and sisters; Rec. Doc. 220-3). However, Arthur's disciplinary records from the BOP show that he has had numerous infractions, including fighting, possession of dangerous weapons, and assaulting others. (Rec. Doc. 225-2). Considering the § 3553(a) factors weigh against a reduction in prison, Arthur's conduct while in prison does not change that analysis.

## CONCLUSION

**IT IS HEREBY ORDERED** that the motion for sentence reduction is **DENIED**.

New Orleans, Louisiana, this 13th day of June, 2023.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE